WESTERN DIST. show that the latter sent a young woman, who resides in his
*August*, 1834. house, to an adjoining parish, to be examined as a witness,
GREEN        with a view of dispensing with her examination in court.
*vs.*         Under all the circumstances of the case, we are unable to
HUDSON ET ALS. say the jury came to a wrong conclusion in forming their
verdict.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.

---

### GREEN *vs.* HUDSON'S SYNDICS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE
JUDGE THEREOF PRESIDING.

Proof of possession, is indispensable to support a title, based on the plea of prescription.

The vendor, from whom the defendant's title is derived, is an incompetent witness, to prove the possession of the latter, so as to form the basis of a title, by a prescription.

The vendor is an incompetent witness, on the ground of interest, for a party deriving title from him, even when his deed to his vendee, contains no clause of warranty.

The vendor is bound in warranty to his vendee, when his deed of sale does not exclude it. His obligation extends at least so far, as to require him to refund, with interest, in case of eviction.

This is an action, instituted to obtain a remuneration in damages, and a partition of a tract of seven hundred and twenty arpents of land, which the plaintiff alleges he purchased, in conjunction with one R. C. Walker, at the probate sale of the succession of Mrs. Sarah Rowell, deceased, situated on the Mississippi River, at the mouth of Sandy

Creek, in the parish of East Feliciana. The plaintiff further
alleges, that since the purchase, Walker, has sold and
conveyed his interest, in the said tract of land, to James
Hudson, of West Feliciana. That he has himself, since
said purchase, sold one-half of his interest in the premises, to
one J. C. Walker, who, together with Hudson, is in possession
of the *most valuable* part of the land. He urges, that in con-
sequence of said possession, he is entitled to remuneration,
from his said co-proprietors, Hudson and Walker, which he
estimates at ten thousand dollars; and prays for a partition
of the land, and judgment for the difference in value of that
portion held by Hudson and Walker, against them, according
to his estimate as alleged; and for damages for the use and
occupation of the premises, by them.

*Hudson*, having made a *cessio bonorum*, syndics were
appointed to represent his estate. The syndics, after their
appointment, prayed *oyer* of all the papers and documents, on
which the plaintiff relies, in support of his title, to the
land claimed in the petition. The documents comprising the
proceedings of the Probate Court, and sale of the land, were
ordered to be exhibited, and the prayer, as to the remainder,
was overruled by the court. The defendants excepted to this
part of the opinion of the court.

The plaintiff filed a declaration, in writing, stating that the
sale from him to Walker, was cancelled, and that he claimed
one moiety of the land in contest, under purchase at probate
sale.

Hudson's syndics answered to the merits. They averred
that Hudson held two hundred and ninety-eight acres of
the tract of land in question, under an outstanding title,
adverse to that derived from the probate sale, and under
which the plaintiff claims; which was derived from a
sheriff's sale, for taxes due on said land, by one Samuel
Moore, made the 29th June, 1818, and which was purchased
by one J. P. Michel, who sold and conveyed it to R. and J.
Caruthers, by a deed *without clause of warranty*, and who sold
it to the insolvent Hudson. The syndics further aver, that
the plaintiff cannot maintain his action of partition, until the

title to the two hundred and ninety-eight acres is first settled. They pray judgment, recognizing this title, and that the plaintiff's suit be dismissed.

The syndics also pleaded a general denial, to all the plaintiff's claim, embraced by the two hundred and ninety-eight acre tract, and prescription of ten years continued possession, under a good and legal title.

On these issues, the parties went to trial. In order to support the plea of prescription, the defendants' counsel offered Michel, the purchaser of the two hundred and ninety-eight acres of the disputed premises, at sheriff's sale, to prove possession in the defendants. The introduction of this witness, was opposed by the plaintiff's counsel, on the score of *interest*. His competency was urged, on the grounds that he sold and conveyed the land in contest, to his vendee, by a *deed without* warranty, and that he was not thereby responsible in warranty. The court received him, and the plaintiff's counsel took his bill of exceptions to the decision, admitting the witness. The plaintiff finally obtained judgment, from which the defendants appealed.

*Lawson and Ripley*, for the plaintiff.

*Downs and Saunders*, for the defendants.

*Mathews, J.*, delivered the opinion of the court.

In this case, the plaintiff alleges, that he has title to an undivided half of a certain tract of land, as described in his petition, containing seven hundred and twenty arpents, and that the defendants are joint owners with him, of the other moiety of said land. Partition is prayed for, in conformity to the alleged rights and claims of the parties.

On the part of the defendant Hudson, a title is set up to two hundred and ninety-eight acres, being a part of said tract of seven hundred and twenty arpents, derived from a source different, and independent of the title alleged by the plaintiff, and pleads a right by prescription, &c. The original document of title, offered in support of the prescription pleaded, is

a deed made in pursuance of a sale for taxes, wherein the assessment was made against one Samuel Moore, on a tract of land supposed to contain three hundred and fifty-six acres, a part of which was sold, amounting to two hundred and ninety eight acres, to a certain John P. Michel, who bid the amount of taxes and costs, for this portion of the whole land assessed. Michel afterwards sold to Richard and John Caruthers, who sold and conveyed to the defendant Hudson. The deed from Michel to his vendees, contains no clause of warranty, neither is there any clause which excludes it.

Judgment was rendered in the court below, in favor of the plaintiff, from which the defendants appealed.

The pleadings in this case, clearly involve a question of title. The basis of that set up on the part of the defendants, is prescription. To support a title of this kind, proof of possession is indispensable. In order to establish this fact, they offered as a witness, Michel, from whom the title under which they claim, is derived, who was objected to, as incompetent by the plaintiff; he was, however, received by the court, and a bill of exceptions taken. The witness thus offered, is clearly incompetent, on the ground of interest. He is bound in warranty, on his deed to the Caruthers, for that act does not exclude it. His obligation extends, at least, to require him to refund the price, with interest, (if no further) in the event of eviction. See *La. Code, art.* 2476, *et seq.*

The judge below erred in admitting the witness. And as it is possible, that the defendants might have proven the fact of possession by other testimony, if they had not been led into error by the decision of the judge *a quo* in allowing their witness to testify who was legally incompetent. Under these circumstances, we think the cause ought to be remanded for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled, and that the cause be sent back to said court, to be tried *de novo.* The appellee to pay the costs of this appeal.

WESTERN DIST.
*August,* 1834.

GREEN
*vs.*
HUDSON ET ALS.

Proof of possession is indispensable to support a title based on the plea of prescription.

The vendor from whom the defendant's title is derived is an incompetent witness to prove possession of the latter, so as to form the basis of a title by a prescription.

The vendor is an incompetent witness on the ground of interest, for a party deriving title from him, even when his deed to his vendee contains no clause of warranty.

The vendor is bound in warranty to his vendee, when his deed of sale does not exclude it. His obligation extends at least so far as to require him to refund with interest in case of eviction.